IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTHONY BRAXTON,

    **Plaintiff,**

vs.                                                  CIVIL ACTION NO. 2:22-CV-00246

MRS. ERICA BOGGESS,

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's ***Application to Proceed Without Prepayment of Fees and Costs*** (ECF No. 1), filed on June 2, 2022. Filed contemporaneously with his ***Application***, Plaintiff, acting *pro se*,[1] also submitted a "Complaint and Emergency Temporary Injunction", a "Notice of Suit"[2], and additional "Information"[3] (ECF Nos. 2, 3, 4). By Standing Order, this matter was referred to the undersigned for the submission of proposed findings of fact and a

---

[1] Because Plaintiff is proceeding *pro se*, the documents he has filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

[2] Plaintiff's "Notice of Suit" is dated May 16, 2022 and is essentially a rehash of the allegations contained in his complaint, but is couched as giving notice to Defendant that he intends to sue for an emergency injunction unless Defendant "do your job and help me" by June 1, 2022.

[3] This document concerns matters Plaintiff alleges in his complaint, including: Plaintiff's "Quit Claim Deed" for the subject real property between Kendra Gedeon, Grantor, and Plaintiff, Grantee; a copy of the 2021 real property taxes owed to the Sheriff of Fayette County that bears the name of Kendra Gedeon as the account holder to the subject realty; and a statement from Thompson Gas of Bradley, West Virginia, ostensibly for the propane gas Plaintiff uses for heating and cooking. Plaintiff states in the "Information" that:

> I ANTHONY JAMES BRAXTON is notifying this honorable court that West Virginia homeowners rescue fund, have not as of June 1, 2022, paid my property taxes, my application has been filed out almost two months, ago, WVHR program refuse to pay my property taxes because my name is not on the property's recipe [*sic*] from the Fayette County taxes department. I asked Fayette County tax department to give me a copy of my property taxes, Fayette County tax department told me that it takes 2 years for this information to come in the Fayette County tax department. I told the WVHR program what the Fayette County tax department said, and give WVHR program a copy of my deed with the lot number information on it and they still refuse to pay my property taxes.

recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5) Having examined Plaintiff's allegations, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case at any time if the Court determines that the action fails to state a claim for which relief can be granted.

### Factual Allegations

In his complaint, Plaintiff does not specify how this Court has jurisdiction, other than he alleges he was "denied federal funds" (ECF No. 2-2) by the West Virginia Housing Development Fund (WVHDF), which administers the West Virginia Homeowners Rescue Program (WVHRP), which is funded by the U.S. Department of the Treasury.[4] (See ECF No. 2 at 1-2) Plaintiff names "Mrs. Erica Boggess" as Defendant, administrator of the WVHRP[5], who is a resident of Charleston, West Virginia. (Id. at 3; ECF No. 2-1)

Plaintiff seeks this Court's assistance in stopping Defendant from "spending these funds, until she prioritize[s] low-income and socially disadvantaged homeowners in the state of West Virginia." (ECF No. 2 at 1) Plaintiff alleges that he acquired the deed to his home in July 2021, after having paid for the property "years ago", and due to his financial hardships, he is entitled to be prioritized for receiving assistance these funds were earmarked for, which includes, among other things, mortgage payments, utilities, and home repairs. (Id. at 3) Plaintiff asks this Court to order Defendant to pay him the following: (1) his 2021 property taxes and 2022 property taxes in the amount of $1,000.00; (2) one (1) full year of homeowners insurance in the amount of $3,600.00; (3) one (1) year of "home internet" in the amount of $300.00; (4) reimbursement for his prepaid propane account in the amount of $2,500.00; (5) $10,000.00 "to build a kitchen and

---

[4] See also https://www.wvhdf.com/west-virginia-homeowners-rescue (last visited June 7, 2022)

[5] This Defendant is the Executive Director of the WVHDF (see https://www.wvhdf.com/wvhdf_staff)

kitchen appliances"; and (6) $15,000.00 "to buy 70 rolls of insulation for my ceilings, floors and 120 bags of loose insulation for my walls, 30 pieces of drywall for walls, 15 pieces for my ceilings, drywall mud, tape, paint, brushes, rollers, painters plastic, this is to keep myself from being displace [*sic*] from my house." (Id. at 4)

Plaintiff alleges that West Virginian homeowners who did not acquire their deeds during the Covid pandemic have been prioritized over new homeowners like himself. (Id. at 5) However, because the WVHRP has limited funds, and because Plaintiff asserts that he is one of the "most vulnerable homeowners in West Virginia", he asks this Court to freeze the WVHRP pending a hearing on his claim. (Id.)

### The Standard

As noted *supra*, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. Although the standards for screening pursuant to Section 1915A and a Rule 12(b)(6) motion may be the same, a Court should look with "a far more forgiving eye" when examining whether a complaint rests on a meritless legal theory. Nancy v. Kelly, 912 F.2d 605, 607 (2nd Cir. 1990). A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon

3

which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* complaint can be remedied by an amendment, however, the District Court may not dismiss the complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[6], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W. Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts

---

[6] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

**Analysis**

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).

As noted *supra*, it is clear that this civil action fails to meet Section 1332 requirements allowing this Court to exercise jurisdiction over Plaintiff's claim. Further, Plaintiff does not specify how his claim falls under federal question jurisdiction, and only asserts he has been denied federal funds in the WVHRP as administered by the WVHDF.[7] Given that basic premises of federal jurisdiction are limited, and that there is no presumption that this Court has jurisdiction, Plaintiff must affirmatively plead facts supporting jurisdiction. See Pinkley, Inc. v. City of Frederick, MD, 191 F.3d 394, 399 (4th Cir. 1999) (citing McNutt v. General Motors Acceptance Corp., 298 U.S.

---

[7] To the extent that Plaintiff is alleging Defendant has abused its discretion by denying him funds related to his home ownership, the West Virginia Supreme Court of Appeals has long recognized that the WVHDF has broad discretion in determining who should receive funds designated for eligible persons of low and moderate income. See State ex rel. West Virginia Housing Development Fund v. Copenhaver, 171 S.E.2d 545 (W. Va. 1969); see also, State ex rel. West Virginia Housing Development Fund v. Waterhouse, 212 S.E.2d 724 (W. Va. 1974) (following the 1973 amendment to the Housing Development Fund Act, Housing Fund's discretionary powers again recognized to serve purpose of the Act and not result of improper legislative designation).

178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) ("the party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleadings the facts essential to show jurisdiction"). The factual allegations presented here shows that this Court would also not have jurisdiction over Plaintiff's claim pursuant to Section 1331.

Notwithstanding these jurisdictional shortcomings, of greater significance is that Plaintiff is primarily seeking injunctive relief, an extraordinary remedy that is only used sparingly by courts. The Scotts Company v. United Industries Corporation, 315 F.3d 264 (4th Cir. 2002). A plaintiff seeking injunctive relief must satisfy four requirements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm if the injunctive relief is denied; (3) that the balance of equities tips in his favor; and (4) that injunctive relief would be in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).[8]

In his pursuit to enjoin Defendant's discretion to mete out financial assistance endorsed by the West Virginia Housing Development Fund Act, Plaintiff undermines his claims by his own admission that he wants money for housing repairs and propane because "by this winter, very possibly", he could be "displa[c]ed from my home because my house has very little insulation." (ECF No. 2 at 4); Plaintiff does not allege that his home is subject to mortgage deficiencies, foreclosure, or that his utilities have been cut off – his allegations sound in speculation as to what *could* happen (ECF No. 3).

Of further interest here is that Plaintiff indicated that he filed for relief with the WVHDF, that his request for funds to pay for his propane use was denied, and he wants Defendant to

---

[8] While the undersigned acknowledges that Plaintiff has pleaded his civil action as an "Emergency Temporary Injunction", to the extent that it can be construed as a request for a temporary restraining order to be issued without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, the undersigned notes that Plaintiff has, for purposes of this lawsuit, provided notice to Defendant. (See ECF No. 3) In any event, for the reasons set forth herein, Plaintiff has failed to allege specific facts that merit relief under this extraordinary remedy.

reconsider her decision (Id. at 1). To the extent that Plaintiff is essentially seeking review of a discretionary act by the WVHDF, a public corporation created for public purposes,[9] and aside from the lack of subject matter jurisdiction, the undersigned would also recommend this Court not exercise jurisdiction over this suit to avoid interfering with the decision of a state agency or state-based authority in the spirit of Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1973) and its progeny. With regard to injunctive relief, the undersigned finds that Plaintiff satisfies none of the four criteria, *supra*: it is highly unlikely that Plaintiff would succeed on the merits, that is having Defendant reconsider its decision denying reimbursement for propane; he has not demonstrated that he will suffer irreparable harm unless Defendant is enjoined; there has been no appreciable demonstration as to how the balance of equities tips in his favor; and most importantly, Plaintiff's request that this Court "freeze" the WVHDF from allocating discretionary funds to West Virginia's "most vulnerable" homeowners pending a hearing on Plaintiff's sole personal needs or wants is an affront to the public interest. Thus, Plaintiff's attempt to enjoin the WVHDF from performing its public duties must be denied.

Finally, it is clear that Plaintiff's civil action is plainly not salvageable even if permitted to amend in the spirit of Denton v. Hernandez, *supra*.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's ***Application to Proceed Without Prepayment of Fees and Costs*** (ECF No. 1) and remove this matter from the Court's docket.

---

[9] See W. Va. Code § 31-18-4; State ex rel. West Virginia Housing Development Fund v. Copenhaver, 171 S.E.2d at 552.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: June 8, 2022.



Omar J. Aboulhosn
United States Magistrate Judge