**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ANTHONY BRAXTON,

     Plaintiff,

v.           CIVIL ACTION NO.  2:22-cv-00246

MRS. ERICA BOGGESS,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

On June 2, 2022, the Plaintiff, Anthony Braxton, acting *pro se*, filed an *Application to Proceed without Prepayment of Fees and Costs* (Document 1), along with a *Complaint and [Motion for an] Emergency Temporary Injunction* (Document 2), a *Notice of Suit* (Document 3), and an *Information* (Document 4).  Therein, he moved the Court for an injunction to stop the Defendant, Erica Boggess, the Executive Director of the West Virginia Housing Development Fund (WVHDF), from spending funds from specified programs "until she prioritize[s] low-income and socially disadvantaged homeowners in the state [of] West Virginia." (Document 2).

By *Standing Order* (Document 5), this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On June 8, 2022, the Magistrate Judge filed *Proposed Findings and Recommendations* (PF&R) (Document 6), wherein he recommended that the Court deny the Plaintiff's *Application to Proceed without Prepayment of Fees and Costs* (Document 1) and dismiss the matter from the Court's docket.

The Plaintiff timely filed an *Objection to Proposed Findings and Recommendations* (Document 9), followed shortly thereafter with a document entitled *Response to Findings and Recommendations* (Document 11) wherein he raised additional objections. In addition to the objections, the Plaintiff filed a *Motion for Judge Irene Berger to Recuse Herself from this Case* (Document 10), and two separate motions both titled *Motion for an Emergency Temporary Injunction Hearing* (Documents 12 & 18). For the reasons detailed herein, the Court finds that the motion for recusal should be denied, the motions for an emergency hearing should be denied, the objections should be overruled, and the PF&R should be adopted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Magistrate Judge Aboulhosn's PF&R sets forth in detail the procedural and factual history surrounding this matter. The Court now incorporates by reference those facts and procedural history and provides the following brief summary for context. The Plaintiff alleges the Defendant has denied him federal funds through the West Virginia Homeowners Rescue Program (WVHRP), which is funded by the United States Department of the Treasury and administered by the WVHDF. He argues that the Defendant, who runs this program, is not following the proper guidelines for administering funds. He seeks to stop the Defendant's allocation of the funds "until she prioritize[s] low-income and socially disadvantaged homeowners in the State of West Virginia." (Document 2). He alleges that he acquired the deed to his home in July 2021, and due to his financial hardships, is entitled to assistance from WVHRP funds, including, funding for his taxes, insurance, internet, propane, added insulation, and other construction. He alleges that homeowners who acquired their homes prior to the pandemic have been improperly prioritized

2

over new homeowners like himself.  He asserts that he is one of the "most vulnerable homeowners in West Virginia," and is therefore entitled to some of the WVHRP's limited funds. *Id.*

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Additionally, documents filed pro se are held to a less stringent standard than if they were prepared by a lawyer and must be liberally construed. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  However, liberal construction does not allow a Court to ignore clear failures to set forth a claim cognizable in federal court. *Weller v. Department of Social Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990).

## DISCUSSION

Through his filings, the Plaintiff appears to make three categories of arguments to be resolved by the Court.  First, as a threshold matter, he asserts that the undersigned should be recused from consideration of this matter.  Secondly, he objects to numerous findings made by the Magistrate Judge related to his substantive claims.  Finally, he seeks an emergency temporary

3

injunction hearing related to his claims. For the reasons detailed below, each argument must be rejected.

### A. Recusal

Prior to reaching the substance of the Plaintiff's objections and underlying claims, the Court first must address the Plaintiff's arguments that the undersigned should be recused from this matter altogether. In his *Motion for Judge Irene Berger to Recuse Herself from this Case* (Document 10), the Plaintiff questions the ability of the undersigned to be impartial in this matter because, as he states: "When the Honorabl[e] Judge Irene Berger was Chief Kanawha County Circuit Judge, I sued Judge Irene Berger because I felt she was not protecting my Sixth Amendment right to challenge my confinement." (Document 10). He notes that he filed this suit in Federal Court, but the case never proceeded after the filing of a complaint. He also notes that he contacted West Virginia's United States Senators to oppose the undersigned's nomination to this Court. Accordingly, he argues that recusal is appropriate because he does not believe "Judge Irene Berger can be a fair judge to" him. (Document 10). As this argument fails to establish a reasonable basis for recusal, his motion should be denied.

Recusal is governed by 28 U.S.C § 455. As relevant to this motion, the statute requires recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. §455(a). The Fourth Circuit has held that the test of whether a judge must recuse under §455(a) is an objective one, requiring a judge to disqualify herself if "a reasonable person would have a reasonable basis for questioning the judge's impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). However, a judge is not required to recuse "simply because of 'unsupported, irrational or highly tenuous

speculation.'" *Id.* (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)).  Thus, the bar for this recusal is high, and must be based on a totality of the circumstances. *Id.*

Here, the Plaintiff appears to have raised arguments under §455(a), alleging that his prior lawsuit against the undersigned in her previous capacity as Kanawha County Circuit Judge, along with submitted opposition to West Virginia's Senators regarding the undersigned's nomination to this Court, creates a situation requiring recusal.  However, the standard for recusal has not been met.  Accepting a civil complaint filed but not served or prosecuted well over a decade prior to the instant matter and statements of opposition submitted to United States Senators as basis for recusal would open the door to parties manufacturing grounds for recusal where none otherwise exist.[1]

The Fourth Circuit has cautioned against parties being allowed to create the grounds for recusal "by their own deliberate actions." *United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990). "To hold otherwise would encourage inappropriate 'judge shopping.'" *Id.*  Thus, when presented with prior lawsuits by parties against judges, courts have typically rejected that as a sole basis for recusal. *See, e.g., White v. United States Dist. Court E. Dist. Va.*, 789 Fed.Appx. 974, 975 (mem) (4th Cir. 2020) (unpublished) (upholding denial of recusal motion premised on prior lawsuit against judge).[2]  Similarly, criticisms of the judge or judicial system have consistently been rejected as bases for recusal. *See Owens*, 902 F.2d at 1156-57 (collecting cases).

---

1 While the Plaintiff's alleged bases for recusal are insufficient regardless, the Court further notes that the undersigned had no recollection of the Plaintiff's noted lawsuit and had no knowledge of his purported opposition to the undersigned's nomination prior to the filing of this motion.

2 Several circuits have reached similar conclusions. *See e.g., United States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992) ("It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks.")(internal citations omitted); *United States v. Grismore*, 564 F.2d 929,  (10th Cir. 1977).

The Court finds these same standards applicable to the Plaintiff's uncontroversial conduct here, as the Plaintiff merely exercised his right to file a lawsuit over a decade ago and utilized his First Amendment rights to contact his Senators regarding a judicial nomination. None of this conduct created any lasting notable relationship or placed the undersigned and the Plaintiff in such a position where bias or prejudice would reasonably arise or reasonably be expected to arise. Accordingly, because the record contains no objectively reasonable basis for recusal, and because the Court finds that no reasonable observer would have reason to question the Court's impartiality based on the evidence presented, the Plaintiff's motion to recuse should be denied.

### B. *Substantive Claims*

In his filings, the Plaintiff raised several substantive objections to the PF&R. However, because the Magistrate Judge correctly determined that this Court lacks jurisdiction to resolve the Plaintiff's substantive claims, the Court cannot properly resolve the merits of the underlying claims and objections aside from those related to this Court's jurisdiction.

The Magistrate Judge outlined the limited nature of federal jurisdiction, and appropriately concluded that, even under the liberal construction of *pro se* filings, jurisdiction under either 28 U.S.C. § 1331 or §1332 cannot be plausibly established. Despite this, the Plaintiff reasserts the conclusory statement that this Court has jurisdiction. The Plaintiff is mistaken.

Title 28 U.S.C §§ 1331 and 1332 set forth the two limited routes to subject matter jurisdiction in Federal Courts. Section 1331 outlines federal question jurisdiction, and grants district courts original jurisdiction over "civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1332 outlines diversity jurisdiction, and grants

district courts original jurisdiction over civil actions where the case in controversy (1) exceeds a value of $75,000, and (2) is between citizens of different states. 28 U.S.C. § 1332.

First, the Plaintiff's claim presents no possibility of diversity jurisdiction under § 1332 as neither element is met. The Plaintiff's claim does not allege damages of $75,000 or more nor does it establish diversity given that the Plaintiff, a West Virginia resident, has filed suit against the Defendant, also a West Virginia resident. Accordingly, even under a liberal construction, no plausible set of facts in the complaint support diversity jurisdiction.

Instead, the Plaintiff appears to assert that federal question jurisdiction would be proper because the Federal Government provides funding for the WVHRP. However, this is insufficient to establish a federal question. Aside from his conclusory statement that the Court has jurisdiction, the Plaintiff does not specify how the alleged failure of a state agency to provide him with requested funding establishes federal question jurisdiction other than to assert that WVHRP utilizes federal funds.[3] Rather, this appears to be a challenge to the State's administration of funds at its discretion and therefore is not a claim that raises an issue of federal law as required. The Plaintiff complains that he is eligible under the Treasury Department's program guidance but has not received the assistance from the state agency administering the funds. Upon review, the guidance establishes eligibility guidelines for state administrators to utilize in the administration of funds and does not mandate that all individuals, who meet the guidelines, automatically receive funding. It follows that nothing in the Complaint can reasonably be construed as alleging an issue of federal law that would be sufficient to establish jurisdiction. The burden to establish jurisdiction

---

3 Magistrate Judge Aboulhosn appropriately noted the wide discretion granted to WVHDF by the West Virginia Supreme Court of Appeals, and his analysis is incorporated by reference herein to the extent the Plaintiff is arguing that there was an abuse of discretion sufficient to justify federal involvement.

falls to the party seeking to assert it, and even under a liberal reading, clearly these facts fall short. *See Shortt v. Richards Mall Assoc., Inc.*, 922 F.2d 836 (4th Cir.1990) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936) ("There is a presumption against the existence of federal court jurisdiction, which remains until jurisdiction is affirmatively alleged by the party seeking to invoke it.")).

Federal Rule of Civil Procedure Rule 12(h)(3) requires dismissal "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Accordingly, because the Plaintiff has failed to establish this Court's jurisdiction, the matter must be dismissed.

C. *Emergency Temporary Injunction Hearing*

Finally, the Plaintiff moved in two separate, but nearly identical, motions for an emergency temporary injunction hearing on his claims (Documents 12 & 18). However, because the Court has found that it lacks jurisdiction to hear the Plaintiff's underlying claims, the Court finds no factual or legal basis for a hearing. Therefore, the Defendant's motions must be denied.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Objection to Proposed Findings and Recommendations* (Document 9) and the *Response to Findings and* Recommendations (Document 11) be **OVERRULED**, and that Magistrate Judge Aboulhosn's *Proposed Findings and Recommendation* (Document 6) be **ADOPTED**. Further, the Court **ORDERS** that the Plaintiff's *Application to Proceed without Prepayment of Fees and Costs* (Document 1), the *Motion for Judge Irene Berger to Recuse Herself from this Case* (Document 10), and the *Motion for an Emergency Temporary Injunction Hearing* (Documents 12 & 18) be **DENIED**. The Court **ORDERS** that the Plaintiff's *Complaint and Emergency Temporary*

8

*Injunction* (Document 2) be **DISMISSED WITH PREJUDICE** and that this matter be **REMOVED** from the docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER:   August 11, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

9